IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY DIVISION)

MICKEL GREEN                                               PLAINTIFF
3159 Wooded Way
Jeffersonville, Indiana 47130

                                        Case No. _____

v.

                                        Judge_____

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY          DEFENDANTS
d/b/a FEDLOAN SERVICING CO.
1200 North 7th Street
Harrisburg, Pennsylvania 17102

          SERVE:     Pennsylvania Higher Education Assistance Agency
                     d/b/a FedLoan Servicing Co.
                     ATTN: Michael Peifer
                     1200 North 7th Street
                     Harrisburg, Pennsylvania 17102
                     (BY INDIANA SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

          SERVE:     Corporation Service Co.
                     135 N. Pennsylvania Street, Ste. 1610
                     Indianapolis, Indiana 46204
                     (BY CERTIFIED MAIL)

                         ** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Mickel Green, and for his Verified Complaint against the Defendants, Pennsylvania Higher Education Assistance Authority d/b/a FedLoan Servicing Co. ("FedLoan") and Equifax Information Services, LLC ("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; FedLoan's false reporting to Equifax of an alleged current late status and default history on seven (7) zero balance, transferred FedLoan student loan accounts; and Defendants' failure to correct FedLoan's false and impermissible reporting on Plaintiff's credit report.

## II. PARTIES

2.      Plaintiff, Mickel Green, is currently and was at all relevant times a citizen of the State of Indiana residing at 3159 Wooded Way, Jeffersonville, Indiana 47130.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, FedLoan, is a Pennsylvania corporation doing business in the State of Indiana with its principal place of business at 1200 North 7th Street, Harrisburg, Pennsylvania 17102.

5.      FedLoan is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the State of Indiana with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.      Equifax is a "consumer reporting agency that compiles and maintains files on

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

9.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Clark County, Indiana as a result of the Defendants' doing business in Clark County, Indiana.

### IV. FACTUAL BACKGROUND

10.      In or around July 2020, Plaintiff accessed his Equifax credit report and discovered that FedLoan was reporting a current late status and default history on seven (7) of Plaintiff's zero balance, transferred FLSC student loan accounts.

11.      Prior to July 2020, and upon information and belief, the United States Department of Education assigned or otherwise transferred the student loan accounts to FedLoan.

12.      Immediately upon discovering FedLoan's false and derogatory tradelines which showed a current late status on Plaintiff's FedLoan student loan accounts, and FedLoan's impermissible reporting of default history, Plaintiff filed disputes with Equifax regarding the inaccuracy of the FedLoan tradelines given the prohibition of derogatory payment history reporting of transferred student loans as set forth in 20 U.S.C. §1078-6(c).

13.      Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified FedLoan of the disputes at or within five (5) days of Equifax's receiving notice of the disputes from Plaintiff.

14.      Plaintiff never received the results of his disputes to Equifax. In or around

September 2020, however, Plaintiff again accessed his Equifax credit report and discovered that the FedLoan tradelines were reporting as they had been reporting prior to his disputes.

15. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, FedLoan and Equifax failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report or to amend Plaintiff's credit report.

16. Upon information and belief, FedLoan and Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items or to amend Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's disputes.

17. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and to remove or amend the subject FedLoan tradelines. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – FedLoan

18. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

19. FedLoan's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax of the status of the FedLoan accounts are violations of FedLoan's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

20. FedLoan's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which FedLoan is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

21.     Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

22.     Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – FedLoan

25.     Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

26.     FedLoan's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax of the status of the FedLoan accounts, despite FedLoan's knowledge of the falsity of its reporting, are willful violations of FedLoan's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

27.    Given FedLoan's knowledge of the falsity of its reporting, FedLoan's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which FedLoan is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

28.    Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

29.    Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30.    Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

31.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Mickel Green, respectfully demands the following:

1.    Trial by jury on all issues so triable;

2.    Judgment against the Defendants for statutory, compensatory, consequential, and

punitive damages;

    3.      For attorneys' fees and costs; and,

    4.      Any and all other relief to which Plaintiff may appear to be entitled.

          Respectfully submitted,


          */s/David W. Hemminger*
          David W. Hemminger
          HEMMINGER LAW OFFICE, P.S.C.
          331 Townepark Circle, Suite 100-C
          Louisville, KY  40243
          Phone, (502) 443-1060
          Facsimile, (502) 873-5300
          hemmingerlawoffice@gmail.com
          *Counsel for Plaintiff*

## VERIFICATION

I, Mickel Green, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Mickel Green


STATE OF INDIANA          )
                          ) SS
COUNTY OF CLARK           )


Subscribed, sworn to and acknowledged before me by Mickel Green this 13ᵗʰ day of

January, 2020.

_____  #708488
Notary Public

Commission expires: 12-13-2025

8